UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARTIN FONCELLO,  :  <br>     Plaintiff                              :  <br>                                               : <br> v.                                         :  <br>                                               :  <br> UNITED STATES DEPARTMENT OF :  <br> THE ARMY,                           :  <br>     Defendant.                       :  | <br><br><br>CIVIL ACTION NO.<br>3:04-cv-604 (JCH)<br><br><br>NOVEMBER 7, 2005 |

**RULING ON DEFENDANT'S
MOTION TO DISMISS [DKT. NO. 20]**

**I. INTRODUCTION**

Plaintiff Martin Foncello brings the present action against defendant the United States Department of the Army ("Army"), pursuant to the civil remedies provision of the Privacy Act of 1974, 5 U.S.C. § 552a(g)(1). Mr. Foncello seeks a preliminary and permanent injunction "enjoining the withholding, and ordering disclosure of information sought by Plaintiff," as well as attorney's fees and costs. The Army moves to dismiss Mr. Foncello's claim pursuant Federal Rules of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

**II. STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss tests only the adequacy of the complaint. United States v. City of New York, 359 F.3d 83, 87 (2d Cir. 2004). Thus, such a motion can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A Rule 12(b)(6) motion cannot be granted simply because

1

recovery appears remote or unlikely on the face of a complaint. Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Id. (quotation omitted). "[W]hile bald assertions and conclusions of law will not suffice to state a claim, the district court, before granting a motion to dismiss, must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Tarshis v. Riese Org., 211 F.3d 30 (2d Cir. 2000) (internal citations omitted); see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## III. FACTS

The Complaint alleges the following facts.[1] The Army maintains information with respect to Mr. Foncello in a system of records within the meaning of the Privacy Act. The Army disclosed records concerning Mr. Foncello without his consent, allegedly in violation of 5 U.S.C. § 552a(b) and 32 C.F.R. § 505.3(a). In December 2003, while an Army Reservist, Mr. Foncello sent a letter to the Commander of the U.S. Army Human Resources Command. The letter requested an accounting of disclosures of records pertaining to Mr. Foncello.

The Complaint further alleges that the Army violated various provisions of the

---

[1] Both the Army's Memorandum in Support of Motion to Dismiss [Dkt. No. 21] and Mr. Foncello's Memorandum of Law in Opposition to Motion to Dismiss [Dkt. No. 22] mention facts not contained in the Complaint. The court will not consider these facts at the present stage, because a Rule 12(b)(6) motion to dismiss tests only the adequacy of the Complaint. United States v. City of New York, 359 F.3d 83, 87 (2d Cir. 2004).

Privacy Act and Army privacy regulations by failing to keep an accurate accounting of its disclosures, refusing Mr. Foncello's request for access to his record or information pertaining to him, failing to give him information regarding disclosures in a timely manner, failing to provide information regarding its refusal to grant Mr. Foncello access to his records, and disclosing records pertaining to the plaintiff to third parties without requiring a written request. The Complaint lists as damages Mr. Foncello's deprivation of personal privacy, Mr. Foncello's deprivation of the opportunity to prevent records pertaining to him from being used or made available for other purposes without his consent, and the ability of third parties to obtain private, personal information pertaining to Mr. Foncello.

## IV.  DISCUSSION

### A. Claims Included in Complaint

Mr. Foncello alleges that the Army violated the following substantive provisions of the Privacy Act, 5 U.S.C. §552a:

- Subsection (b) ("No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains [with twelve exceptions, including disclosures required by the Freedom of Information Act (FOIA), 5 U.S.C. §552]");

- Subsection (c)(1) (requiring an agency, with certain exceptions including FOIA-required disclosures, to "keep an accurate accounting of (A) the date, nature, and purpose of each disclosure of a record to any person or to another agency made under subsection (b) of this section; and (B) the name or address of the person or agency to whom the disclosure is made") and implementing Army regulations, § 505.3(d);

- Subsection (c)(3) (requiring an agency, with one exception not relevant here, to "make the accounting made under paragraph (1) of this subsection available to the individual named in the record at his request") and implementing Army regulations, § 505.3(d);

3

- Subsection (d)(1) (requiring an agency to permit an individual to access "his record or [ ] any information pertaining to him which is contained in the system" upon request and in a certain manner),² and implementing Army regulations, 32 C.F.R. § 505.2(b) (setting forth time limits for acknowledging and responding to access request); id. § 505.2(c) (providing in pertinent part that "[a]ny withholding of information must be justified by asserting a legally applicable exemption in [the Privacy Act and FOIA]."); id. § 505.3(a) (requiring the Army to release certain information upon denial of an access request, including the opportunity for further review).

Section 552a(g)(1) of Title 5 of the U. S. Code grants federal district courts jurisdiction over civil actions arising from specified substantive provisions of the Privacy Act and its implementing regulations:

> Whenever any agency
>
> (A) makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection;
>
> (B) refuses to comply with an individual request under subsection (d)(1) of this section [concerning an individual's access to records pertaining to him or her];
>
> (C) fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or
>
> (D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual, the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

---

²The Complaint does not specify whether the Army violated 5 U.S.C. § 552a(d)(1) or one of the other subsections of § 552a(d). However, as the complaint includes no mention of a request to amend records, which is the subject of sections 552a(d)(2)-(4), the court infers that the defendant is attempting to plead a violation of section 552a(d)(1).

5 U.S.C. § 552a(g)(1).  Thus, the court would have jurisdiction over a civil action alleging a violation of the access provision of 5 U.S.C. § 552a(d)(1) pursuant to 5 U.S.C. § 552a(g)(1)(B).  Jurisdiction over the remaining violations alleged in the complaint (§ 552a(b) (prohibited disclosures), (c)(1) (disclosure accounting requirement), and (c)(3) (release of accounting to individual)) could exist only under section 552a(g)(1)(D), the catch-all provision.

With respect to available remedies, the Privacy Act contains two subsections relevant to the case at hand.  Section 552a(g)(4) authorizes monetary relief for a cause of action brought under the catch-all jurisdictional grant of section 552a(g)(D), and imposes additional requirements for such relief:

> In any suit brought under the provisions of subsection (g)(1)(C) or (D) of this section in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of--
>
> (A) actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000; and
>
> (B) the costs of the action together with reasonable attorney fees as determined by the court.

5 U.S.C. § 552a(g)(4).  Section 552a(g)(3) describes relief available for an agency's failure to comply with an individual request to access records:

> (A) In any suit brought under the provisions of subsection (g)(1)(B) of this section, the court may enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him. In such a case the court shall determine the matter de novo, and may examine the contents of any agency records in camera to determine whether the records or any portion thereof may be withheld under any of the exemptions set forth in subsection (k) of this section, and the burden is on the agency to sustain its action.

> (B) The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this paragraph in which the complainant has substantially prevailed.
> Section 552a(g)(4).

5 U.S.C. § 552a(g)(3). Thus, the court will determine below (1) whether Mr. Foncello has made out a claim for money damages and/or attorney's fees and costs resulting from the Army's violations of the Privacy Act's provisions limiting disclosure, requiring an accounting of disclosures, and requiring a release of this accounting to the individual to whom disclosed records pertain; and (2) whether Mr. Foncello has made out a claim for injunctive relief and/or attorney's fees and costs to remedy a denial of a request to access records pertaining to him.[3]

**B. Claims Pursuant to Section 552a(g)(1)(D): Disclosures, Accounting of Disclosures, and Release of Accounting of Disclosures**

**1. "Adverse Effect"**

A plaintiff has a cause of action under section 552a(g)(1)(D) only if he can show that the defendant's Privacy Act or regulatory violation had an "adverse effect" on the plaintiff. The "adverse effect" requirement "acts as a term of art identifying a potential plaintiff who satisfies the injury-in-fact and causation requirements of Article III standing, and who may consequently bring a civil action without suffering dismissal for want of

---

[3] The Privacy Act makes no provision for a plaintiff to recover damages in an action for a violation of section 552a(d)(1) (access to records). See 5 U.S.C. § 552a(g); Thurston v. United States, 810 F.2d 438, 447 (4th Cir.1987). Similarly, it does not authorize injunctive relief for violations of sections 552a(b) (prohibited disclosures), (c)(1) (disclosure accounting requirement), (c)(3) (release of accounting to individual), or any of the other violations for which a plaintiff may sue under section 552a(g)(1)(D). See 5 U.S.C. § 552a(g); Haase v. Sessions, 893 F.2d 370, 374, (D.C.Cir. 1990) (citing Doe v. Stephens, 851 F.2d 1457, 1463 (D.C.Cir.1988)); Clarkson v. IRS, 678 F.2d 1368, 1375 n. 11 (11th Cir. 1982) ("The Privacy Act expressly provides for injunctive relief for only two types of agency misconduct, that is, wrongful withholding of documents under subsection (d)(1) and wrongful refusal to amend an individual's record under subsection (d)(3)."). The Complaint of course cannot state claims for these unavailable forms of relief.

6

standing to sue." Doe v. Chao, 540 U.S. 614, 624 (2004).

The "adverse effect" requirement is satisfied by a showing of "actual damages." Doe, 540 U.S. at 617-18, 627. The Doe court noted that "[t]he Courts of Appeals are divided on the precise definition of actual damages," with the Eleventh Circuit requiring pecuniary loss and the Fifth Circuit finding mental anxiety to be sufficient. Id. at 627 n.12. The Supreme Court declined to resolve the circuit split or even review the Fourth Circuit's holding that Doe's unsupported, conclusory allegations of mental distress did not amount to actual damages. Id. (citing Fitzpatrick v. IRS, 665 F.2d 327, 331 (11th Cir. 1982); Johnson v. Dep't of Treasury, 700 F.2d 971, 972-974 (5th Cir. 1983); Doe v. Chao, 306 F.3d 170 (4th Cir. 2002)). The Second Circuit has not addressed the issue of whether mental or emotional damages are sufficient to establish "actual damages" under section 552a(g)(1)(D). However, the court need not inquire any further into the bounds of the Second Circuit's standard, because Mr. Foncello's Complaint does not allege any specific damages. It states:

> Because of the defendant's failure to comply with the requirements of the Privacy Act, the plaintiff has suffered damage in that he has been deprived of both the safeguards provided by congress for an individual against invasions of personal privacy and an opportunity to prevent records pertaining to him obtained by the defendant for particular purposes from being used or made available for other purposes without his consent and because third parties have been able to obtain personal and private information concerning him.

Compl. ¶ 8. The plaintiff's statement of "damages" merely summarizes the alleged violations of law. In effect, to the extent it states a harm, the harm is violation of the statute. The requirement of an "adverse effect" requires more. Mr. Foncello does not allege that he suffered physical or mental harm or injury as a result of these violations.

7

Thus, Mr. Foncello has not pled any "adverse effect" resulting from the Army's alleged violations of sections 552a(b), (c)(1) or (3), or Army privacy regulations. He lacks standing to pursue those claims asserted under section 552a(g)(1)(D). The court dismisses these claims but grants Mr. Foncello the right to replead within 21 days.

### 2. "Intentional" or "Willful"

In order for a plaintiff to state a claim for the monetary damages, costs and fees authorized under section 552a(g)(4) of Title 5, he must plead an "intentional or willful" violation of the Privacy Act. See Dowd v. IRS, 776 F.3d 1083, 1084 (2d Cir. 1985) (quoting 5 U.S.C. § 552a(g)(4)) ("To prevail in a Privacy Act suit, a plaintiff must prove 'the agency acted in a manner which was intentional or willful.'"). "The legislative history describes this standard as 'somewhat greater than gross negligence.'" Id. (affirming grant of summary judgment for plaintiff where evidence showed an agency's actions were negligent). Mr. Foncello's Complaint pleads neither intentionality nor willfulness with respect to the relevant claims. At most, the Complaint might be read to plead that the Army acted negligently in certain respects. Compl. ¶ 7.b. ("[The Army] has neglected and failed to provide the plaintiff with an accounting of disclosures . . ."). But negligence is insufficient to meet the Dowd standard. Therefore, even if the Complaint had alleged adverse effect, the court would still have to dismiss the claims pursuant to section 552a(g)(4) (including those arising from illegal disclosures, failure to account for disclosures, and failure to release the accounting to Mr. Foncello), because nothing in the complaint permits the inference that the alleged Privacy Act violations were intentional or willful. Mr. Foncello is permitted to replead his claim pursuant to sections 552a(g)(4), but only if he can allege both "adverse effect" and "intentional or

willful" violations.[4]

### B. Access Claim

None of the Army's arguments for dismissal bar the claim for injunctive relief, attorney's fees and litigation costs pursuant to 5 U.S.C. sections 552a(g)(1)(B) and (g)(3) (to remedy the Army's alleged denial of Mr. Foncello's access to his records).

Although the Army states that Doe requires a showing of adverse effect for any civil suit under the Privacy Act – a proposition that the plaintiff appears to accept – this proposition is incorrect. Doe specifically discusses the language of section 552a(g)(1)(D) (the catch-all civil remedies provision). Doe v. Chao, 540 U.S. 614, 619 (2004). Section 552a(g)(1)(B) (the civil remedy provision for denial of an individual's access to his or her records), unlike section 552a(g)(1)(D), includes no "adverse effect" requirement.

Similarly, a cause of action pursuant to sections 552a(g)(1)(B) and (g)(3) need not allege an intentional or willful Privacy Act violation. Although the Second Circuit in Dowd stated that "[t]o prevail in a Privacy Act suit, a plaintiff must prove 'the agency acted in a manner which was intentional or willful,'" 776 F.3d at 1084, it was quoting 5 U.S.C. section 552a(g)(4), which refers only to suits brought pursuant to sections 552a(g)(1)(C)) and (D). Indeed, this court has found no case holding that the "intentional or willful" pleading requirement extends to claims premised on violations of the section 552a(d)(1) right of access and brought pursuant to sections 552a(g)(1)(B) and (g)(3).

---

[4] At this time, having found that the plaintiff failed to plead an "adverse effect" and an "intentional or willful" violation, the court does not reach the remaining grounds of the Army's motion to dismiss with respect to claims under sections 552a(g)(1)(D) and (g)(4).

The Army's remaining arguments in support of its motion to dismiss – that certain disclosures were authorized under the Freedom of Information Act (FOIA) and that section 552a(c)) exempts FOIA disclosures from its accounting requirements – do not pertain to the section 552a(g)(1)(B)/(g)(3) access claim.  Therefore, the court finds that the plaintiff has adequately stated a claim under 5 U.S.C. sections 552a(g)(1)(B) and (g)(3), premised on a denial of access in violation of 5 U.S.C. section 552a(d)(1).

## V. CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss the plaintiff's Complaint **[Dkt. No. 20]** is **GRANTED** in part and **DENIED** in part.  The court denies the motion to dismiss the plaintiff's claim for an injunction that would permit him to access records as required by 5 U.S.C. § 552a(d)(1).  It grants the motion to dismiss with respect to the remaining claims.  The court grants the plaintiff 21 days from the date of this ruling to replead.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 7th day of November, 2005.

                    Janet C. Hall
                    United States District Judge